556

## 34921. GROGAN *et al. v.* KERCE *et al.*

Decided January 21, 1954.

*Hicks & Culbert,* for plaintiff in error.

*Matthews, Maddox & Bell, C. H. Porter,* contra.

Quillian, J. The only ground of the motion for new trial as amended which is insisted on is the special ground excepting to a charge of the court. This charge is as follows: "By amendment they have added two other paragraphs, subsections (d), in driving said automobile at such an excessive speed in such manner that he failed to have same under control at said time and place, and (e), in failing to keep a lookout ahead in order to avoid striking or running down persons who might attempt to cross said highway at said time and place. Now, these alleged acts of negligence, gentlemen, if they are violations of law they are what is known as negligence per se, and that means negligence in itself, negligence as a matter of law." The exceptions to the charge are: (1) it was confusing and misleading to the jury; and (2) it was not sound as a principle of law, in that "the court

in effect charged the jury that they were the judges as to what was violation of law when as a matter of fact the alleged acts of negligence are violations of the law and are negligence per se, and the court should have so charged." The charge was not erroneous for the reasons assigned. The excerpt excepted to referred only to the specifications of negligence (d) and (e), which did not allege the violation of a statute. The charge did authorize the jury to find that these two allegations of negligence were violations of a statute, but the only way they could have done so would have been to find that the defendants were negligent as a matter of fact under the circumstances, which would amount to a failure to observe the common-law rule of ordinary care. This excerpt from the charge did not authorize the jury to decide whether specific conduct prohibited or required by statute was in violation of the statute or not. Issues involving negligence per se were fully covered in the charge.

Since there is no merit in the only assignment of error insisted on, the court did not err in denying the motion for new trial.

*Judgment affirmed. Felton, C. J., and Townsend, J., concur.*